UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:14-cv-61058-RNS

CHRISTOPHER LEGG, an individual, on
behalf of himself and all others similarly situated,

    Plaintiff,

v.

AMERICAN EAGLE OUTFITTERS, INC.,
a Delaware Corporation,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, CHRISTOPHER LEGG, hereby moves for an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) and Local Rule 23.1, and requests that ruling on this motion be stayed until the completion of discovery. In support thereof, Plaintiff states:

    1.    Plaintiff is filing this motion contemporaneously with his class action complaint alleging, on behalf of himself and all others similarly situated, that Defendant, AMERICAN EAGLE OUTFITTERS, INC., violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

    2.    Plaintiff now submits this Motion for Class Certification and requests that said motion be stayed until the completion of discovery in light of *Krzykwa v. Phusion Projects, LLC*, 920 F.Supp.2d 1279, 1282-1283 (S.D. Fla. 2012).[1]

---

[1] *Krzykwa* holds that a defendant in a class action can moot the entire lawsuit by immediately tendering a Federal Rule 68 Offer of Judgment for all individual relief available to the named plaintiff before the plaintiff moves for class certification. That ruling presents a scenario where

3. A similar issue was recently before the Supreme Court. In *Genesis Healthcare v. Symczyk*, the Supreme Court held that when the individual claim of a plaintiff in an FLSA collective action becomes moot, that plaintiff can no longer serve as the lead plaintiff in a collective action. 569 U.S. __, __, 133 S. Ct. 1523 (2013). Because the *Genesis* Court held that "Rule 23 actions are fundamentally different from collective actions under the FLSA" it did not resolve whether a Rule 68 Offer moots a Rule 23 class plaintiff's claim. *Id.* at 1529. Further, the *Genesis* plaintiff conceded that a Rule 68 Offer mooted his collective action claim. *Id.* As such, the Court went on to hold that since the plaintiff's claim was mooted, the case must be dismissed for lack of subject matter jurisdiction. *Id.* at 1532.

4. While plaintiff does not concede that *Genesis* would allow attempts to moot the named plaintiff's claims in a Rule 23 class action, similar cases are being considered by the Court and it is possible the Court will adopt the reasoning of the Seventh Circuit in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895-95 (7th Cir. 2011) ("[A] plaintiff cannot avoid mootness by moving for class certification after receiving an offer of full relief").

5. *Damasco* and other case law (and in the absence of any clear guidance from the Supreme Court) presents a dilemma for Plaintiff as to how best to avoid being "picked off" by a defendant seeking to evade class-wide liability. The Seventh Circuit described this dilemma as the "buy-off problem," but also identified a "simple solution": "Class-action plaintiffs can move to certify the class at the same time that they file their complaint." *Damasco*, 662 F.3d at 896. The pendency of that motion then protects a putative class from any attempts to buy-off the

---

the plaintiff must "race to the courthouse" to file his motion for class certification before the defendant tenders his offer of judgment. Although the vast majority of federal courts have rejected the reasoning in *Krzykwa*, Plaintiff nonetheless makes this request in order to protect the interests of the putative class, and specifically their right to recover in this lawsuit. *See also Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980); *Capote v. United Collection Bureau, Inc.*, 2010 U.S. Dist. LEXIS 36948 (S.D. Fla. March 11, 2010).

named plaintiffs.  *Id*.  In recognition of the fact that motions for class certification often require extensive discovery and investigation, the *Damasco* Court further suggested that the plaintiffs "also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.*

6.      In light of the above, and Plaintiff's desire to certify a class in this matter in any event, Plaintiff respectfully requests that the Court grant this motion.  Doing so will preserve the appropriate interests of the parties and the putative class members, and will allow the Court to establish a reasonable schedule for briefing the class certification motion in full.

7.      As shown in the accompanying memorandum, it is apparent from the information already known that this case is suitable for class treatment.  Because the case is still in its infancy, Plaintiff has requested leave to file an amended memorandum in support of class certification after additional discovery.

8.      Accordingly, Plaintiff respectfully requests that the Court enter an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) and Local Rule 23.1, and further requests that ruling on this motion be stayed until the completion of discovery.

WHEREFORE, Plaintiff, CHRISTOPHER LEGG, respectfully requests that this court enter an Order certifying this action as a class action, with the ruling on the matter to be stayed until the completion of discovery.

Dated May 5, 2014.

                Respectfully submitted,

                By:/s/ *Scott D. Owens*
                Scott D. Owens, Esq.
                *Attorney for Plaintiff and the putative Class*
                Florida Bar No. 0597651

SCOTT D. OWENS, P.A.
664 E. Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 5, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on May 5, 2014, via U.S. mail and/or some other authorized manner on the following parties who are not authorized to receive electronically Notices of Electronic Filing:

American Eagle Outfitters, Inc.
c/o Corporation Service Company (Registered Agent)
2711 Centerville Road, Suite 400
Wilmington, Delaware 19809

By:/s/ *Scott D. Owens*
Scott D. Owens, Esq.
*Attorney for Plaintiff and the putative Class*
Florida Bar No. 0597651
SCOTT D. OWENS, P.A.
664 E. Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com

5